UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FRONTLINE DEALER MARKETING, INC.,

    Plaintiff(s),

v.

DANIEL J. McNELLIS, et al.,

    Defendant(s).

NO. C06-1107P

ORDER ON MOTION TO STAY OR DISMISS OR COMPEL ARBITRATION

The above-entitled Court, having received and reviewed:

1. Defendants' Motion to Stay or Dismiss, or Compel Arbitration (Dkt. No. 15)

2. Plaintiff's Opposition to Defendants' Motion to Stay or Dismiss, or Compel Arbitration (Dkt. No. 16)

3. Defendants' Reply in Support of Motion to Stay or Dismiss, or Compel Arbitration (Dkt. No. 18)

4. Supplemental Declaration of Francis L van Dusen, Jr. filed by Plaintiff (Dkt. No. 22)

5. Supplemental Statement of Defendants McNellis and Matthews (Dkt. No. 23)

and all exhibits and declarations attached thereto, makes the following ruling:

IT IS HEREBY ORDERED that this matter is transferred the United States District Court for the District of Colorado as related to Civil Action No. 1:06-cv-01279-REB-BNB, <u>United Car Care, Inc. and Gold Key Agency, Inc. v. Frontline Dealer Marketing, Inc.</u>

**Background**

United Car Care, Inc. ("UCC") is a Colorado company that markets vehicle service contract programs to car dealers throughout the country (including Washington). In 2001, Plaintiff Frontline Dealer Marketing, Inc. ("Frontline") entered into a Special Representative/Agency Agreement

**ORD ON MTN TO
STAY OR DISMISS - 1**

("SRA") with UCC. At that time, Defendants McNellis and Mathews owned a company called Gold Key, Inc. ("Gold Key"), which was also a UCC marketing agent in Washington. In 2002, McNellis and Mathews sold Gold Key to Plaintiff, a transaction which resulted in a Purchasing Agreement and (since McNellis and Mathews agreed to finance the purchase) a Loan/Security Agreement with principal and interest payments over a six-year period. The Purchase Agreement included a non-compete clause for McNellis and Mathews and right-of-first-refusal clause for UCC (regarding prospective car dealership clients in Washington).

Both the SRA and the Purchase Agreement contained arbitration provisions.

Under circumstances which are in dispute, both the SRA and Purchase Agreements were terminated in 2006. Plaintiff made one payment following the termination, then ceased paying. Defendants allegedly retained the payment, and one of Plaintiff's claims is for conversion. In May 2006, both UCC and Gold Key filed a demand for arbitration.[1] Defendants allege that Plaintiff refused to answer the demand (claiming that McNellis and Mathews as individuals were necessary parties); Plaintiff says that it filed a stipulation to arbitrate all claims between all parties (whether or not covered by the arbitration provisions) which Defendants ignored.

Thereafter (on May 26, 2006), UCC and Gold Key sued Frontline in Colorado state court to compel arbitration – the state court entered an order compelling arbitration and denying Frontline's motion to join McNellis and Mathews. Three days later (June 30, 2006), Frontline (1) removed the Colorado case to U.S. District Court and (2) filed this claim in King County Superior Court in the state of Washington. Defendants removed that action to this court. Frontline's motion before the federal court in Colorado to vacate that state court's order was denied on October 18, 2006 – the federal judge found that Colorado law required the state court to summarily rule on the arbitration

---

[1] Defendants' briefing makes repeated references to "Goldline," a name which defense counsel conceded at oral argument was used in error where references to "Gold Key" were intended.

**ORD ON MTN TO
STAY OR DISMISS - 2**

issue (unless the arbitration provision was found unenforceable). The Colorado U.S. District Court also upheld the denial of the request to join McNellis and Mathews on the grounds that, at the time the request was made, (1) McNellis and Mathews had asserted no claims against Frontline and (2) Frontline had not filed an answer, therefore the state court had no authority to require McNellis and Mathews' participation. Plaintiff's briefing describes the parties as "still negotiating" over the arbitration process that was ordered and upheld.

In the Washington lawsuit, Plaintiff's only claim against UCC is for a violation of RCW 49.48.160 *et seq* (the Washington Sales Representative Act) for allegedly failing to pay commissions on sales which occurred prior to UCC's termination of the SRA. The remaining claims are against McNellis and Mathews and concern tort and statutory claims which Plaintiff characterizes as "post-termination" of their agreements. Following oral argument on this motion, Defendants' counsel filed a "Supplemental Statement" indicating that "Daniel J. McNellis and David J. Mathews will appear and defend the claims asserted against them in this Washington lawsuit in an Arbitration [sic] in Colorado." Dkt. No. 23.

**Discussion**

After considering the written and oral arguments of the parties, it is the opinion of this Court that the most efficient and prudent course in this litigation is to refer the matter to the federal court in Colorado as "related to" the lawsuit which is currently pending in the District of Colorado. 28 U.S.C.A. § 1404(a) states that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The Court makes this decision *sua sponte*, cognizant that it has long been held in the Ninth Circuit that "section 1404(a) does not expressly require that a formal motion be made before the court can decide that a change of venue is appropriate." Washington Public Utilities Group v. U.S. Dist.

Court for Western Dist. of Washington, 843 F.2d 319, 326 (9th Cir. 1987); see also, Muldoon v. Tropitone Furniture Co., 1 F.3d 964, 965-966 (9th Cir. 1993).

A number of reasons compel this decision. First, although neither the parties or claims in the Washington and Colorado lawsuits are identical, the two cases are inextricably intertwined. The Colorado litigation is primarily concerned with the agreements between the parties and the Washington lawsuit primarily involves claims arising in the wake of the dissolution of those agreements, but the facts and parties are interrelated and a ruling on any one of the issues will affect all the issues in both matters.

Second, the Colorado suit (where UCC and Gold Key are parties) has already been referred to arbitration, The Colorado court, although refusing to compel McNellis and Mathews into arbitration, invited Plaintiff to join those individuals in the Colorado litigation by means of a counterclaim in their answer. Transferring the Washington case will have the effect of joining McNellis and Mathews in the Colorado proceedings, and they have now indicated that they are willing to arbitrate the claims in the Washington matter via the Colorado arbitration proceeding. Dkt. No. 23.

Finally, the Court finds that it serves judicial economy and equity to insure a uniform application of law to the complex of events and agreements that make up this dispute. Transferring this matter to Colorado will avoid the potential problem of inconsistent rulings between two forums looking at different aspects of what is actually one long chain of events.

The Court realizes that this order will result in the transfer of a Washington law cause of action to another state; namely, Plaintiff's claim that UCC violated the Washington Sales Representative Act, RCW 49.48.150 *et seq.* Plaintiff has also pointed out that the venue provision of the parties' sales representative agreement conflicts with RCW 49.48.160(1), which states that "[a] provision in the contract [between a principal and a sales representative] establishing venue for an action arising under the contract in a state other than this state is void." Without expressing any opinion on the viability of

1  Plaintiff's Washington law cause of action, the Court simply observes that this provision of state law

2  does not prohibit the transfer of a Sales Representative Act claim to another forum.  The federal judge

3  in Colorado is equally as competent as this court to apply the law of the state of Washington.

4  **Conclusion**

5      It is the finding of this Court that transferring this matter to Colorado as "related to" the case

6  currently pending in that jurisdiction (Civil Action No. 1:06-cv-01279-REB-BNB, <u>United Car Care,</u>

7  <u>Inc. and Gold Key Agency, Inc. v. Frontline Dealer Marketing, Inc.</u>) serves both the convenience of all

8  parties and the interest of justice, and it is so ordered.

10      The clerk is directed to provide copies of this order to all counsel of record.

11      Dated: March __2__, 2007

13  *[signature]*
    Marsha J. Pechman
14      U.S. District Judge

26  **ORD ON MTN TO**
**STAY OR DISMISS - 5**

Case 2:06-cv-01107-MJP   Document 25   Filed 03/02/07   Page 6 of 6